```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                        NO: 13-86

DONALD RICHARDSON                             SECTION: R

## ORDER AND REASONS

Before the Court is the government's motion to admit evidence of defendant's alleged history of selling narcotics to a confidential informant. The defense contends that prior drug sales are inadmissible as extrinsic evidence of character that must be excluded under Federal Rule of Evidence 404(b). For the following reasons, the Court finds that evidence of the alleged prior drug sales is admissible.

## I. Background

Defendant is charged with two counts of distributing cocaine base ("crack") in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). The charges arise from two controlled sales of crack that defendant allegedly made on March 17, 2011 and March 23, 2011 to a confidential informant working with the Terrebonne Parish Sheriff's Office. The government intends to introduce the informant's testimony regarding the alleged pre-existing relationship between the informant and the defendant. More specifically, the government plans to elicit

testimony establishing the informant's history of purchasing narcotics from the defendant. Defendant moves to preclude the informant from testifying regarding his alleged relationship with defendant, arguing that such testimony constitutes extrinsic evidence of character that is inadmissible under Federal Rule of Evidence 404(b).

**II.  Discussion**

    **A.   Intrinsic or Extrinsic**

In determining whether "other acts" evidence should be admitted, the Court must first determine whether the evidence is intrinsic or extrinsic. "Evidence of an act is intrinsic when it and evidence of the crime charged are inextricably intertwined, or both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged." *United States v. Sumlin*, 489 F.3d 683, 689 (5th Cir. 2007). Such evidence is also admissible to complete the story of the crime by proving the immediate context of events in time and place. *United States v. Rice*, 607 F.3d 133, 141 (5th Cir. 2010). Intrinsic evidence does not implicate Rule 404(b), and "consideration of its admissibility pursuant to Rule 404(b) is unnecessary." *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996).

The Court finds that evidence of the previous drug transactions between the confidential informant and defendant is

intrinsic. This evidence explains the nature of the relationship between the confidential informant and defendant and why the informant could expect to purchase crack from defendant on the occasions at issue. This testimony is a natural part of the confidential informant's account of the circumstances surrounding the charged offense. *See United States v. Miranda*, 248 F.3d 434, 441 (5th Cir. 2001)("We conclude that the district court did not abuse its discretion in viewing the [witness's] testimony about her earlier drug purchases from [the defendant] as background information establishing the connection between a witness and a defendant."); *United States v. Clark*, No. 99-77, 2000 WL 140567, at *1 (E.D. La. Feb. 7, 2000) (finding witness's testimony regarding previous, uncharged drug purchases from defendant intrinsic because the testimony "is a natural part of the confidential informant's account of the circumstances surrounding the charged offense").

## II. Conclusion

For the foregoing reasons, the government's motion to admit evidence of defendant's alleged prior drug sales to the confidential informant is GRANTED.

New Orleans, Louisiana, this 13th day of November, 2014.

*Sarah Vance*

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE