UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 13-86 |
| DONALD RICHARDSON | SECTION "R" (3) |

**ORDER AND REASONS**

Defendant Donald Richardson moves to vacate his sentence under 28 U.S.C. § 2255.[1] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, Richardson's motion is denied.

**I.  BACKGROUND**

On February 4, 2011, defendant Donald Richardson was charged with two counts of distributing crack cocaine.[2] *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). Richardson pleaded not guilty and went to trial. The jury found Richardson not guilty on Count One and guilty on Count Two.[3] In sentencing defendant, the Court found that Richardson had two prior felony convictions for a crime

---

[1]   R. Doc. 112.
[2]   R. Doc. 1.
[3]   R. Doc. 75-3.

of violence, and therefore applied the career offender sentencing enhancement.[4] The Court sentenced Richardson to 210 months imprisonment.[5]

Richardson appealed his conviction and sentence.[6] Although the Fifth Circuit appointed counsel to represent Richardson on appeal, Richardson elected to proceed *pro se*. Richardson asserted the following grounds for relief:

> (1) the indictment did not charge him with a federal crime and, therefore, the indictment was not sufficient to confer subject matter jurisdiction on the federal court; (2) the prosecution violated the Fifth Amendment's double jeopardy clause; (3) the proceedings violated his Sixth Amendment rights under the confrontation clause; (4) the district court abused its discretion by giving a jury instruction regarding accomplice testimony; (5) the district court erred in not holding a hearing to investigate possible juror bias; (6) the district court abused its discretion by issuing a modified *Allen* charge to the jury rather than declaring a mistrial; (7) the evidence was insufficient to support his conviction; and (8) the district court erred in sentencing him as a career offender.

*United States v. Richardson*, 672 F. App'x 368, 369 (5th Cir. 2016) (per curiam) (footnote omitted). The Fifth Circuit rejected all of Richardson's arguments and affirmed his conviction and sentence. *Id.* at 372.

---

[4]     *See* R. Doc. 87 at 7.
[5]     R. Doc. 93.
[6]     R. Doc. 89.

Richardson now moves to vacate his sentence under 28 U.S.C. § 2255 on several grounds. Richardson principally argues that his trial counsel was ineffective for several reasons: (1) failing to object to the second *Allen* charge;[7] (2) failing to object to the career offender enhancement;[8] (3) failing to object to the Government's expert witness;[9] (4) not requesting a two-level reduction under Amendment 782;[10] (5) not filing an *Anders* brief;[11] (6) not impeaching a witness at trial;[12] and (7) not moving to dismiss the indictment.[13] Richardson also argues that he should not have been sentenced as a career offender.[14]

## II. LEGAL STANDARD

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28

---

[7] R. Doc. 112 at 4, 13.
[8] *Id.* at 14-15.
[9] *Id.* at 6, 16.
[10] *Id.* at 17.
[11] *Id.* at 8, 18. In connection with this claim, Richardson appears to assert that one of his attorneys had a conflict of interest. But the Court cannot discern the basis for this assertion, and dismisses it as meritless.
[12] *Id.* at 20.
[13] R. Doc. 114.
[14] R. Doc. 112 at 5.

3

U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a Section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Id.*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Id.*, Rule 8. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38 (citation omitted); *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht* in a Section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or

resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel

To establish a claim of constitutionally ineffective assistance of counsel, a petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). The petitioner must meet both prongs of the *Strickland* test and, if the Court finds that the petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *See id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious

6

and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). As to the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Richardson first argues that his counsel was ineffective in failing to object to the second reading of the *Allen* charge. *See Allen v. United States*, 164 U.S. 492 (1896). But the Court read the *Allen* charge only once, and the Fifth Circuit held that this reading was not coercive. *Richardson*, 672 F. App'x at 371. Moreover, Richardson's counsel urged the Court not to read the *Allen* charge.[15] Counsel's performance was not deficient.

Second, Richardson argues that counsel was ineffective in failing to object to the career offender enhancement. Specifically, Richardson asserts that his two armed robbery convictions do not qualify as predicate crimes of violence because armed robbery under Louisiana law is broader than the generic federal definition. But the Fifth Circuit has explicitly held—including

---

[15] R. Doc. 107 at 4.

7

in this case—that simple and armed robbery under Louisiana law are crimes of violence for purposes of federal sentencing. *See Richardson*, 672 F. App'x at 372; *United States v. Brown*, 437 F.3d 450, 452 (5th Cir. 2006). Richardson also asserts that his prior convictions do not qualify as predicate crimes of violence because Louisiana does not require unanimous jury verdicts. The U.S. Supreme Court has held that Louisiana jury verdicts are not invalid for lack of unanimity, *see Johnson v. Louisiana*, 406 U.S. 356 (1972), and Richardson offers no reason why such verdicts are any less valid in the federal sentencing context. Thus, application of the career offender enhancement was proper, and counsel was not deficient in failing to object to it.

Third, Richardson argues that counsel was ineffective in failing to object to the Government's expert witness. This witness, Kaleen Pentes, identified a substance that Richardson sold to a confidential informant as crack cocaine. Defense counsel traversed Pentes and objected to her admission as an expert.[16] Counsel's performance in this regard was not deficient.

Fourth, Richardson argues that counsel was ineffective in not requesting a two-level reduction under Amendment 782. Amendment 782

---

16  R. Doc. 103 at 211-19.

to the Sentencing Guidelines reduced base offense levels for certain drug offenses. *See* U.S.S.C. § 2D1.1(c). But the Court calculated Richardson's base offense level under the career offender provision, *see* U.S.S.C. § 4B1.1, not the drug quantity table at § 2D1.1(c). And in any event, the Court applied Amendment 782 (which came into effect November 1, 2014) in determining what Richardson's offense level would be under § 2D1.1(c).

Fifth, Richardson argues that his appellate counsel was ineffective in not filing an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967). But Richardson's appellate counsel withdrew because Richardson elected to proceed *pro se*, not because counsel determined that the appeal was frivolous. Appellate counsel was under no obligation to file an *Anders* brief in that situation.

Sixth, Richardson argues that counsel was ineffective in failing to impeach the trial testimony of the confidential informant, Alton Celestine. Contrary to Richardson's contention, defense counsel did impeach Celestine, and counsel's performance in this regard was not deficient.[17]

Finally, Richardson argues that counsel was ineffective in not moving to dismiss the indictment for lack of subject matter jurisdiction. The Fifth

---

[17] R. Doc. 104 at 79-104.

Circuit addressed and rejected this argument, *Richardson*, 672 F. App'x at 369-70, so counsel was not deficient in failing to raise it.

## B.     Career Offender Enhancement

Richardson also seeks relief based on the Court's purported misapplication of the career offender enhancement. As explained earlier, the Court properly applied this enhancement. Moreover, a miscalculation of a Sentencing Guidelines range is not an error that is cognizable on collateral review. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## C.     Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). With respect to claims denied

on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack*, 529 U.S. at 484).

Richardson's motion does not satisfy these standards. The Court finds that Richardson does not make a substantial showing that his constitutional rights were compromised, and his arguments would not engender any type of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Richardson's motion under 28 U.S.C. § 2255. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this ___23rd___ day of July, 2018.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE